# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL L. BUESGENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 07-2116-CM |
| **DOUGLAS G. HOUSER et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this case on March 16, 2007. He filed an amended complaint on September 14, 2007 (Doc. 33); the amended complaint and other pleadings name more than ninety defendants and consist of changes and cross-references to his original complaint and other cases not pending before the court. Plaintiff has also filed a supplement to his complaint (Doc. 6). The amended complaint and the supplement cannot stand alone and do not conform to the Federal Rules of Civil Procedure. While the court would normally strike such documents, it declines to do so in this instance. Plaintiff's allegations are cryptic and difficult to understand. Because plaintiff proceeds *pro se*, the court construes the documents liberally and reads the amended complaint in conjunction with plaintiff's original complaint and plaintiff's supplement to the complaint.

On October 31, 2007, Magistrate Judge James P. O'Hara issued a Notice and Order to Show Cause, which directed plaintiff show cause, by November 21, 2007, why this case should not be dismissed as frivolous. In his order, Judge O'Hara explained that plaintiff's complaint in this case appears very similar—if not virtually identical—to the allegations found to be frivolous in *Buesgens v. Travis County, Texas*, U.S. District Court for the Western District of Texas, Case No. 07-427. In

light of the state of the record in this case and Judge Sparks's order in the Texas case, Judge O'Hara ordered plaintiff to specifically explain—in a concise five-page response—how this case is distinguishable from the numerous other cases which have been dismissed as frivolous. Plaintiff timely filed a thirteen page, rambling response, in which he failed to address the issue presented by the court.

Even with liberal construction, neither plaintiff's amended complaint nor his response to the show cause order state a viable cause of action. Plaintiff's complaint, supplement, and amended complaint reference cases pending or resolved in other district courts, proceedings in other state courts, and administrative proceedings not before this court. Plaintiff's claims appear to arise from the underlying facts of these other cases or conduct plaintiff alleges occurred in relation to these other cases.[1] As the court explained in *Buesgens v. Travis County, Texas*,

> Despite repeated judgments denying him relief, Buesgens continues to file and pursue legal action related to his housing and employment. Further, it is clear in each successive case, Buesgens adds new claims seeking relief against persons and entities he believes were responsible for his failure to achieve relief in the prior cases. Notably, Buesgens adds claims against the lawyers whose only act was to represent clients sued by Buesgens and claims against judges who have ruled against him. . . . Clearly, his conduct constitutes a misuse and abuse of the legal system.

(Case No. 07-427, doc. 4). On June 27, 2006, the *Buesgens v. Travis County, Texas* court dismissed plaintiff's claims and barred him from "filing any future civil actions in any federal court in the United States without first seeking leave of the Court in which he wishes to file the action." After the June 2006 order, plaintiff filed an amended complaint in this case, adding as defendants people who were named defendants in the Texas case, as well as the presiding judge. While plaintiff's

---

[1] A more complete history of plaintiff's litigious actions is set forth in the court's order in *Buesgens v. Travis County* and need not be repeated here.

-3-

actions may not violate the letter of the Texas court's order, they certainly violate the spirit of it—the Texas court clearly dismissed the claims against these defendants and prohibited plaintiff from reasserting them. In his amended complaint, plaintiff attempts to reassert those claims once again.

Due to the obvious connection between the allegations in this lawsuit and the allegations in plaintiff's previous lawsuits, the court required plaintiff to distinguish this case from the numerous other cases which have been dismissed as frivolous. He has not done so. After reviewing the record, the court finds that this case continues plaintiff's typical pattern of misuse and abuse of the legal system.

Federal Rule of Civil Procedure 11(b) states that sanctions are warranted if an unrepresented party files a pleading that is presented for an improper purpose, contains frivolous arguments, or alleges facts that are unlikely to have evidentiary support. "A court may 'impose an appropriate sanction' upon the party if the court determines that Rule 11(b) has been violated." *Wasko v. Moore,* 172 F. App'x 791, 793 (10th Cir. 2006) (quoting Fed. R. Civ. P. 11(c)). Although the court liberally construes plaintiff's pleadings, his status as a *pro se* litigant does not prohibit the court from imposing sanctions. *Id.* Here, the appropriate sanction is dismissal. Based on the current record, plaintiff's claims are indistinguishable from the numerous other cases which have been dismissed as frivolous.

The court may impose Rule 11 sanctions *sua sponte*, but before imposing sanctions, the court must issue a show cause order specifically describing the conduct implicating the rule and allow plaintiff a reasonable opportunity to demonstrate how he has not violated the rule. *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000). For the reasons explained above and in Judge O'Hara's order to show cause, the court is concerned that (1) plaintiff is using this matter for the improper

purpose of harassing the defendants and increasing the cost of litigation, in violation of Rule 11(b)(1); and (2) the claims and legal contentions are not warranted by law and are frivolous, in violation of Rule 11(b)(2). Specifically, the court is concerned that the claims in this case are indistinguishable from the numerous other cases which have been dismissed as frivolous and that the claims are a misuse and abuse of the legal system. Therefore, within 15 days of this order, **plaintiff shall show cause how he is not in violation of Rule 11 by addressing the court's concerns outlined above and explaining how this case is distinguishable from the numerous other cases which have been dismissed as frivolous. Plaintiff's response shall be no longer than five pages. This is the same page limitation Judge O'Hara set forth in his show cause order, which plaintiff failed to follow. If plaintiff fails to follow the court's instructions and files a response longer than five pages, the court will only consider the first five pages. <u>If plaintiff fails to show cause, the court will dismiss his claims.</u>**

**IT IS THEREFORE ORDERED** that plaintiff shall show cause how he is not in violation of Rule 11 by addressing the court's concerns outlined above and explaining how this case is distinguishable from the numerous other cases which have been dismissed as frivolous within 15 days of this order. Plaintiff's response shall be concise and no longer than five pages.

Dated this ___ day of March 2008, at Kansas City, Kansas.

                                        **/s/Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**